IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
CHRISTOPHER D. HODGE,         )
                              )
     Plaintiff,               )
                              )   No: 3:07-0458
          v.                  )   Judge Trauger/Bryant
                              )
CHARLES GANUS,                )
                              )
     Defendant.               )
```

**TO: The Honorable Aleta A. Trauger**

## REPORT AND RECOMMENDATION

Plaintiff Christopher D. Hodge, a prisoner proceeding pro se and in forma pauperis, has filed his complaint pursuant to 42 U.S.C. § 1983 against defendant Charles Ganus, alleging that Ganus violated the plaintiff's constitutional rights by assaulting the plaintiff while he was confined at the Riverbend Maximum Security facility in Davidson County, Tennessee. (Docket Entry No. 1)

From the record, it appears that plaintiff has never obtained service of process on defendant Ganus. According to an affidavit filed by the plaintiff (Docket Entry No. 14), defendant Ganus was terminated as a correctional officer at the Riverbend Maximum Security Institution on February 5, 2007. Over three months thereafter, in May 2007, plaintiff attempted to obtain service on defendant Ganus by serving him at the Riverbend Maximum Security Institution. (Docket Entry No. 7). As the Clerk accurately stated in denying plaintiff's motion for default, service upon an individual by serving a former employer does not comply with the

service requirements provided in Federal Rule of Civil Procedure 4. (Docket Entry No. 15).

On December 21, 2007, the undersigned Magistrate Judge entered an order extending the time within which plaintiff could obtain service of process on defendant Ganus to and including Monday, February 4, 2008. (Docket Entry No. 17). This order admonished the plaintiff that if he failed to obtain service on the defendant within this extended period, such failure may cause the complaint to be dismissed without prejudice. Insofar as this record discloses, the plaintiff has neither obtained service on defendant Ganus nor has he sought further extensions of time within which to do so. As a result, the undersigned Magistrate Judge finds that plaintiff's complaint should be dismissed without prejudice for his failure to obtain service of process on the defendant within the time provided by Rule 4(m).

### **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the complaint be **DISMISSED** without prejudice due to the plaintiff's failure to obtain service of process on the defendant within the time provided by the rules.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10)

days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

    **ENTERED** this 23rd day of July 2008.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge

3

Case 3:07-cv-00458   Document 19   Filed 07/23/08   Page 3 of 3 PageID #: 76